## THE GEORGIA RAIL ROAD AND BANKING COMPANY *vs.* WILLIS.

The proof was, that a man's cattle were killed by a Rail Road train, and that the agent of the Rail Road Company, when applied to for pay for the cattle, offered to pay for them, which offer, however, was, from being deemed inadequate, rejected.

*Held*, that this proof was sufficient to cast on the Company the *onus* of proving that the killing of the cattle was not the result of negligence.

Trespass, in Greene Superior Court.    Tried before Judge HARDEMAN, at March Term, 1859.

This was a proceeding, under the statute, to recover the value of four cows, alleged to have been killed by the cars.

At the trial the plaintiff proved that four milch cows, belonging to the estate of his intestate, were missed on the 7th of July, 1857, and were found dead near the Rail Road track on or about the same day, and that they were worth about twenty-five or thirty dollars each; that when he complained to the agent of the Rail Road about killing the cows, he offered to pay him twenty-five dollars for three of them, and fifteen dollars for one, which he refused to take.

Here plaintiff closed, and defendant moved for a non-suit, on the ground that plaintiff had failed to show that

the cows had been killed by the carelessness, negligence or improper conduct of the Rail Road Company, its agents or employees. The Court refused the motion to nonsuit, and defendant excepted.

The Court charged the jury that if they believed, from the evidence, that the cows were killed in consequence of the carelessness, negligence, or improper conduct of defendant, or its officers, agents or employees, in running the cars on the road, plaintiff was entitled to recover the value of the cows. But if they believed the killing was not the result of careless or improper conduct on the part of defendant or its agents, then the defendant was not liable; and whether defendant was guilty of negligence or not, was a question entirely for the jury to determine.

The jury found for the plaintiff one hundred and twenty dollars; whereupon the defendant moved for a new trial, on the following grounds:

1st. Because the Court erred in refusing to grant the motion for nonsuit.

2d. Because the verdict was contrary to the evidence.

3d. Because the verdict was contrary to law.

4th. Because the verdict was contrary to the charge of the Court.

The Court overruled the motion for a new trial, and defendant excepted.

PHILIP B. ROBINSON, for plaintiff in error.

G. O. DAWSON, contra.

By the Court.—BENNING, J., delivering the opinion.

Was the Court below right in refusing the motion for a nonsuit? We think so.

The ground of the motion was, that the evidence did not show that the killing of the cows was the result of carelessness or negligence in the Rail Road Company.

The Georgia Rail Road and Banking Co. vs. Willis.

We incline to think that the mere fact that the Company's train killed the cows, was sufficient to raise the presumption that the killing was the result of negligence in the Company's servants. When one man kills another, the law implies malice in the killer; so if one man kills another's cattle, ought there not, in like manner, to be an implication of malice or negligence in the killer.

Indeed there is, perhaps, more reason to require the implication in the latter case, than there is, to require it, in the former. Our statute makes it the duty of all persons to keep a fence, of a certain kind and height, and it declares that if any person shall kill any other person's cattle trespassing on land not enclosed by such a fence, he shall pay for the cattle so killed. (Cobb, 19.) We may assume that the Legislature thought that such a fence as this would be sufficient to keep out cattle. Consequently, it would seem that the mere fact that one man's cattle are found trespassing on another's land, ought to be sufficient to require the presumption that the fence of the latter was a fence inferior to that which the staute prescribes.

We incline, then, to the opinion, that the mere fact that the train killed the cows, was sufficient to raise the presumption that the killing was the result of negligence in the Company's servants. Of course such a presumption would be one subject to rebuttal.

There was, however, in the proof, more than this mere fact. The agent of the Company, when applied to for pay for the cattle, did not deny the liability of the Company to pay for them ; did not insist that in the killing of them the Company's servants were free from fault. On the contrary, he offered to pay for the cattle, and the only reason why he did not pay for them was, that he did not offer for them as much as was demanded.

This, and the other fact, the fact of the killing, were

sufficient, we think, to make a *prima-facie* case of negligence in the Company's servants.

Hence, we think that the judgment overruling the motion for a nonsuit was right.

If there was evidence enough to prevent a nonsuit, there was evidence enough to support the verdict, for the evidence before the jury was the same that had been before the Court. Therefore we have to think that the second and third, and fourth grounds of the motion for a new trial were also insufficient.

The first ground was the refusal of the Court to grant a nonsuit. This ground seems not to be suitable for a motion for a new trial; but if it is, it has already been considered, and found insufficient.

Judgment affirmed.